944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NITED STATES of America, Plaintiff-Appellee,
v.
Richard Bruce VORPAGEL, Defendant-Appellant.
 No. 90-10378.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 16, 1991.*
Decided Sept. 24, 1991.
 
 Before ALARCON, BOOCHEVER and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bruce Vorpagel and three co-defendants were convicted of four marijuana-related charges, and Vorpagel is now serving a 135-month sentence. In his direct appeal, Vorpagel argues that the district court's "blanket" prohibition on recross-examination merits reversal based on both the confrontation clause and our supervisory powers. He also argues that the district court's denial of his requests to recross-examine Stansbury and Cogswell constituted an abuse of discretion. We reject both arguments and affirm.
 
 
 3
 During trial, the judge stated in response to a co-defendant's request to recross, "Go back and sit down. I don't allow recross." Vorpagel characterizes this statement as a "blanket ruling" that there would be no recross-examination. While it would have been preferable for the district judge to explain that he generally does not allow recross unless a new matter is brought out on redirect, Vorpagel's lawyer does not appear to have interpreted the judge's statement as a "blanket" prohibition as the lawyer attempted recross-examination of Stansbury and Cogswell. Moreover, at other times in the trial, the judge did not appear to impose a "blanket" prohibition and, in at least one instance, explicitly based his ruling on the fact that no new material was raised in the redirect-examination. Thus, while the judge misspoke at one point in the trial, we are convinced that there was no confrontation clause violation.
 
 
 4
 As for Vorpagel's two specific attempts to recross-examine, we disagree with his assertion that new material was brought out on redirect-examination thereby necessitating recross. During cross examination, Stansbury referred to conversations he had with others regarding delegation of tasks. Therefore, the conversations discussed on redirect-examination were not new material, and Vorpagel had an opportunity during cross-examination to inquire fully about those conversations.
 
 
 5
 Similarly, Cogswell identified Vorpagel during direct examination as the person who delivered the Wilson boat to Cogswell. Therefore, his identification on redirect-examination was not new material, and Vorpagel had an opportunity during cross-examination to question Cogswell about the certainty of his identification.
 
 
 6
 The district court afforded Vorpagel his sixth amendment confrontation right by allowing full cross-examination. See United States v. Jenkins, 884 F.2d 433, 436 (9th Cir.) ("a reviewing court normally will hold that the district court violated the confrontation clause only if it concludes that the district court denied the jury 'sufficient information to appraise the biases and motivations of the witness' ") (citation omitted), cert. denied, 110 S.Ct. 568 (1989). The court, therefore, did not abuse its discretion by refusing to allow recross when the government did not bring out any new material on redirect. See United States v. Feldman, 788 F.2d 544 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3